IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ELEMENT 119, LLC, and KETTLESTONE HEIGHTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LAUREN DEGEER LLC, DRF SERVICES, LLC, and MALLWOOD PARK, <br><br> Defendants. | No. 4:22-cv-00359-JEG-SBJ <br><br> **ORDER** |

This matter is before the Court on the filing of a Complaint by Plaintiffs Element 119, LLC and Kettlestone Heights, LLC on October 20, 2022. ECF No. 1. "[F]ederal courts are courts of limited, not general, jurisdiction," McAdams v. McCord, 533 F.3d 924, 927 (8th Cir. 2008) (alteration in original) (citation and internal quotation marks omitted), and therefore every federal "court has a special obligation to consider whether it has subject matter jurisdiction in every case," Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)). Thus, this Court must raise "jurisdictional issues sua sponte . . . even if the parties do not address the issue." McAdams, 533 F.3d at 927.

In the Complaint, Element 119, LLC and Kettlestone Heights, LLC allege this Court has jurisdiction over their state law claims based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Compl. ¶ 24, ECF No. 1. Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Element 119, LLC and Kettlestone Heights, LLC state that "[t]his Court has original subject-matter jurisdiction pursuant to 27 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs" Compl. ¶ 24, ECF No. 1. However, unlike corporations, the citizenship of limited liability companies for purposes of 28 U.S.C. § 1332(c) is not determined by their states of organization or principal places of business. Instead, the citizenship of "limited liability companies depends on the citizenship of their members." Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1104 (8th Cir. 2019) (citation omitted); see also GMAC Com.

Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828–29 (8th Cir. 2004) (noting that for purposes of diversity jurisdiction in a suit by or against an unincorporated entity, the court must look to the citizenship of all the members and concluding that although Congress has carved out an exception for corporations which need only disclose the corporation's state of incorporation and principal place of business, "[t]he Supreme Court has repeatedly resisted extending the corporation exception to other entities," and therefore, "an LLC's citizenship is that of its members for diversity jurisdiction purpose").

All members of Plaintiffs Element 119, LLC and Kettlestone Heights, LLC and Defendants Lauren Degeer LLC and DRF Services, LLC are not indicated anywhere in the present record. Therefore, the Court lacks the necessary information to determine whether diversity of citizenship exists in this case. Element 119, LLC and Kettlestone Heights, LLC, as the parties "attempting to invoke diversity jurisdiction," have the "burden to plead the citizenship of the parties," Walker by Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and therefore must disclose the citizenship of each of Plaintiffs' and Defendants' members. Similar information must be provided for any members that are themselves limited liability entities. See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minn., 893 F.2d 968, 969 (8th Cir. 1990) ("When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." (internal citation omitted)).

Because Element 119, LLC and Kettlestone Heights, LLC bear the burden of establishing subject matter jurisdiction upon filing the Complaint, see Walker, 108 F.3d at 161, they are directed to file, within fourteen (14) days from the date of this order, a supplemental § 1446(a) statement sufficient for the Court to determine whether complete diversity of citizenship is satisfied in this case.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2022.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT